UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-121-TAV-DCP |
| | ) | |
| ERIK SANTIAGO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Erik Santiago's Unopposed Motion to Continue Trial and Related Dates [Doc. 14], filed on January 9, 2026.

Defendant asks the Court to continue the plea deadline and the February 10, 2026 trial date [*Id*.]. In support of his motion, Defendant states that the parties are in plea negotiations, and defense counsel needs time to confer with Defendant, who is detained in Laurel County, Kentucky [*Id*. ¶ 1]. Defendant contends that more time is needed to explore fully the issues relating to a negotiated resolution [*Id*.]. Defendant states that he understands that the time between filing this motion and a rescheduled court date will be fully excludable for speedy trial purposes [*Id*. ¶ 3]. The motion relates that the Government does not oppose a continuance [*Id*. ¶ 4].

Based upon the information contained in the motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C.

§ 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs time to engage in plea negotiations, and if those negotiations are not fruitful, to otherwise prepare for trial. The Court finds that all of this cannot occur before the February 10, 2026 trial date.

The Court therefore **GRANTS** Defendant Erik Santiago's Unopposed Motion to Continue Trial and Related Dates [**Doc. 14**]. The trial of this case is reset to **May 19, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the initial motion on January 9, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Unopposed Motion to Continue Trial and Related Dates [**Doc. 14**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **May 19, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **January 9, 2026**, and the new trial date of **May 19, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 17, 2026**;

(5) the deadline for filing motions *in limine* is **May 4, 2026**, and responses to motions *in limine* or due on or before **May 12, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **May 5, 2026, at 11:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 8, 2026**.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge